Dennis D. **SALESKY**, Petitioner-Appellant,

v.

**STATE OF FLORIDA**, Respondent-Appellee.

No. 73–1277

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1973.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970).

William T. Lassiter, Jr., Jacksonville, Fla. (Court-appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., H. Tucker Cotten, Raymond L. Markey, Asst. Attys. Gen., Tallahassee, Fla., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

In this 28 U.S.C.A. § 2254 action, petitioner alleges that he did not "knowingly and intelligently" waive counsel.

Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The District Court, relying on the record before it, held that the waiver was effective. Finding an unresolved conflict regarding petitioner's pre-trial hearing remarks, we vacate and remand for an evidentiary hearing.

Petitioner was convicted upon his trial by jury in a Florida court of two counts of breaking and entering. Aff'd Salesky v. State, 256 So.2d 250 (Fla.App.1972). At trial, petitioner alleged that he could not be adequately represented by the public defender. He claims that he was misled by said attorney into believing that he had an absolute right to appointment of separate counsel even after severance of his co-defendant.

Petitioner was informed by the trial court that, if he would not accept court-appointed counsel, he must defend himself, a proposition which he did not favor. His response, when asked at trial if he was prepared to defend himself, was recorded as "I am ready," but he alleges in his habeas petition that he said, "I am not ready."

In its response to a show cause order, the Government relied primarily on this contested statement, which petitioner says was inaccurately recorded. The District Court indicates that it relied on the statement as it appeared in the record. But a review of the record indicates that the recorded response as to his readiness for trial appears inconsistent with the position defendant maintained throughout the hearing and trial.

Since the transcript in question has seemingly been relied upon by both the Government and the District Court and has been reasonably challenged by petitioner, we conclude that a hearing to determine its accuracy is necessary. Petitioner's argument can then be reconsidered by the District Court after the accurate facts have been determined.

Vacated and remanded.